UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ADHEZION, INC., ) | |
|           Plaintiff, ) | |
| ) | No. 1:21-cv-138 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| MELANIE GORDON WILSON, ) | |
|           Defendant. ) | |
| ) | |

## ORDER TO SHOW CAUSE

Plaintiff Adhezion, Inc., alleges that its former employee, Defendant Melanie Wilson, has breached her employment contract, appropriated trade secrets, and tortiously interfered with its business relationships (ECF No. 1-1). Adhezion filed a complaint against Wilson in state court alleging over $25,000 in damages (*id.*). Wilson then invoked the procedures for removal to federal court under 28 U.S.C. §§ 1332, 1441, and 1446 (ECF No. 1). After reviewing the Notice of Removal and attached exhibits, the Court found a dearth of facts to support Wilson's assertion that Adhezion's damages will exceed the amount in controversy (*see* ECF No. 3). In response, Wilson filed an amended notice of removal that, frankly, adds little to the record (ECF No. 4).

The Court continues to have an obligation to examine whether it has subject-matter jurisdiction and may raise the issue *sua sponte*. *See, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). Under 28 U.S.C. §§ 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the

matter is between citizens of different states. "Where a plaintiff claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold." *Naji v. Lincoln*, 665 F.App'x 397, 400 (6th Cir. 2016).

The Court is still not satisfied that the record establishes jurisdiction. Wilson's amended notice of removal still relies on Adhezion's complaint, noting that Adhezion alleges that it lost several large customer accounts because of Wilson's conduct. But, without concrete numbers, the Court cannot be certain that these losses reach the $75,000 threshold necessary for the Court to have jurisdiction. Thus, in a second attempt to confirm jurisdiction, the Court now looks to Adhezion.

The Court **ORDERS** Adhezion to **SHOW CAUSE** on or before March 8, 2021, either confirming or denying that its claims for damages exceed the jurisdictional threshold.

**IT IS SO ORDERED.**

Date: February 18, 2021          /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge